IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **02-cv-1351-JLK**

**CHRISTOPHER J. TWOGOOD, MATTHEW B. TWOGOOD, individually and as Co-Personal Representatives of the ESTATE OF JOANN RUTH TWOGOOD,**

    Plaintiffs,

v.

**NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE,**

    Defendant.

## ORDER RE JURY INSTRUCTION 3.2, 3.3

Kane J.

Upon consideration of the issues raised at Monday's Final Trial Preparation conference regarding the elements of North American's affirmative defense of material misrepresentation, and upon review of the authorities cited by both sides, I have determined to instruct the jury in accordance with the five *Hollinger v. Mutual Benefit Life Ins. Co.*, 560 P.2d 824 (1977). Plaintiffs point that the return of premiums paid – or at a minimum the offer to return them – is a condition precedent to asserting the defense is a valid one, however, and will need to be addressed.

While the issue is not specifically addressed in *Hollinger* or in later cases applying the *Hollinger* factors, this appears to be because insurance companies routinely return such moneys in denying payment and whether this was a prerequisite to asserting a material misrepresentation defense was not at issue. In both *Murray v. Montgomery*

*Ward Life Ins. Co.*, 584 P.2d 78, 80 (1978) and *Spencer v. Kemper Investors Life Ins. Co.*, 764 P.2d 408, 410 (Colo. App. 1988), for example, the courts applied the *Hollinger* factors to insurance companies' material misrepresentation defenses under circumstances where the companies had tendered a return of premiums paid at the time they refused payment as part of the facts giving rise to plaintiffs' claims.  Because the gist of any insurer's defense under *Hollinger* is to void an insurance policy on grounds the insurer would not have issued it absent the insured's knowing misrepresentations or concealment of facts, the defense clearly is in the nature of a rescission.  Under no circumstances, then, would an insurer be able to avoid liability under *Hollinger* while retaining premiums paid under a "void" policy.  Should North American prevail on its *Hollinger*-based defense, then, principles of both law and equity will demand that it return to the Twogood's the total amount of premiums paid under Claude Twogood's policy, with interest from the date it first refused payment.

Dated this 8th of March, 2006.

                                                  s/John L. Kane
                                                  JOHN L. KANE
                                                  SENIOR U.S. DISTRICT JUDGE